UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BIO MANAGEMENT NORTHWEST INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON BIO SERVICES et al., <br><br> Defendants. | CASE NO. C20-670 MJP <br><br> ORDER GRANTING MOTION TO VACATE DEFAULT |

This matter comes before the Court on Defendants' Motion to Vacate the Order of Default. (Dkt. No. 18.) Having read the Motion, the Response (Dkt. No. 22), the Reply (Dkt. No. 23), and having reviewed the related record, the Court GRANTS the Motion and VACATES the Order of Default (Dkt. No. 14).

Plaintiffs filed this matter on May 4, 2020, alleging that Defendants Michael Lerner and Washington Bio Services willfully appropriated Plaintiff's trademarked business symbol. (See Dkt. No. 1.) On June 11, 2020, Plaintiffs' motion for alternative service was granted and Plaintiffs were ordered to serve the Summons and Complaint on Defendants by USPS first class

ORDER GRANTING MOTION TO VACATE DEFAULT - 1

and registered mail. (Dkt. No. 12.) Defendant Michael Lerner contends that due to Washington Governor Jay Inslee's Stay Home Stay Healthy Order and decreased business due to Covid-19, he was not regularly checking his corporate mailbox and was thus unaware of this lawsuit until July 9, 2020. (Dkt. No. 18 at 4.) The Court granted Plaintiffs' Motion for Default on July 14, 2020. (Dkt. No. 14.) Defendants' counsel entered an appearance in this matter on July 16, 2020. (Dkt. No. 15.)

Rule 55(c) of the Federal Rules of Civil Procedure permits the court to "set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). To determine whether a party has shown good cause, the court must examine "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice any other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir.2010) (quoting Franchise Holding II v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925–26 (9th Ci r.2004)) (quotation marks omitted); Falk v. Allen, 739 F.2d 461, 463 (9th Ci r.1984) (adopting the three factor test for the first time in the Ninth Circuit). The Falk factors are to be considered conjunctively. See TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). When performing this analysis, the court must remember that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id. at 1091 (quoting Falk, 739 F.2d at 463) (quotation marks omitted).

These factors favor setting aside default in this case. First, Plaintiffs' suggestion of culpable conduct is unconvincing. Plaintiffs allege that because Mr. Lerner admits he did not retrieve his office mail, he failed to meet his responsibilities as an agent for Washington Bio Services, Inc. (Dkt. No. 22 at 7.) The Court finds that Defendant's three-week delay in checking

1   his office mail is not evidence of culpability in this case, especially in light of the complications
2   caused by the global pandemic.  Further, Plaintiffs have failed to demonstrate that Defendants
3   acted intentionally in not responding to this lawsuit, and intentional conduct is required for a
4   finding of culpability sufficient to deny a motion to set aside default.  See TCI Group Life Ins.
5   Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001).

6   Defendants have also asserted allegations, that if true, constitute a meritorious defense for
7   purposes of this motion.  Defendants challenge whether Plaintiffs' symbol is entitled to
8   protection, arguing that the trademarked shield and biohazard symbols are merely descriptive
9   terms.  (Dkt. No. 23 at 4); Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co., 601 F.2d
10  1011, 1018 (9th Cir. 1979).  Further, Defendants allege that Aaron Lerner, Defendant Michael
11  Lerner's father, represented that he was the owner of the marking. (Dkt. No. 23 at 4.)  See
12  Americana Trading Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir. 1992) (weighing
13  the intent of the defendant in determining the likelihood of confusion in a claim of unfair
14  competition).  While these arguments may not ultimately be successful, they are sufficient at this
15  point in the proceedings to satisfy the meritorious defense prong under Falk, 739 F.2d at 463.

16  The Court is also not persuaded that Plaintiffs will suffer any prejudice by allowing
17  Defendants to appear and defend this action. This case is still in the early stages of litigation, and
18  Defendants avow that they will answer the complaint immediately if their present Motion is
19  granted.  Finally, and most importantly, the Court follows the Ninth Circuit's prescription that
20  "[c]ases should be decided upon their merits whenever reasonably possible."  Falk, 739 F.2d at
21  463; see also Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).  Therefore,
22  the Court will vacate the entry of default and allow Defendants to proceed in this action.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 28, 2020.

Marsha J. Pechman
United States Senior District Judge